## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES L. WARE, II** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-1265-JAR-DJW |
| **D. WEIDNER #2204,**<br>in both his individual and<br>official capacity; | ) ) ) ) ) |
| **K. SHORB #2228,**<br>in both her individual and<br>official capacity; | ) ) ) ) ) |
| **B. BOYD #2291,**<br>in both his individual and<br>official capacity; | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT WITH JURY DEMAND
### (Violation of Civil Rights Under U.S. Constitution)

**I.   JURISDICTION**

1.   This is an action for damages pursuant to 42 U.S.C. §1983, et seq., asserting violation of Plaintiff James L. Ware, II's rights secured under the Constitution of the United States.

2.   This Court has jurisdiction of this matter under the provisions of 28 U.S.C. §1391(b).

1

**II.     VENUE**

3.     The events alleged herein occurred within Wichita, Sedgwick County, Kansas; therefore, venue is proper in this Court under the provisions of 28 U.S.C. §1391(b).

**III.    PARTIES**

4.     Plaintiff, James Ware, II, is presently, and was at all times relevant to this Complaint, a citizen of Wichita, Kansas.

5.     Defendants, D. Weidner, K. Shorb, and B. Boyd, at all times relevant to their actions asserted in this Complaint, were sworn law enforcement officers employed by the City of Wichita Police Department in the State of Kansas.  They are sued in their individual and official capacities.

**IV.    FACTUAL ALLEGATIONS**

6.     Plaintiff, James L. Ware, II, is a Sergeant in the United States Army and is stationed in Wichita, Kansas.  On August 3, 2008, at the time of the incident giving rise to the present cause of action, Plaintiff Ware had just returned from military training on the night of August 2nd, 2008, and was looking forward to reconnecting with friends at Club Max in Wichita, Kansas.

7.     Plaintiff Ware was days from deploying with his United States Army Unit in Iraq in support of Operation Iraqi Freedom.  After Plaintiff Ware arrived at the club, he was asked by the club owner, A. J. Bryant, to assist with security issues because a "party bus" of individuals had arrived at the club and began to start fights and stoke fear and discord.

8. After several individuals from this "party bus" made references to getting guns, Club Max's owner, Mr. A. J. Bryant, sought Plaintiff Ware's assistance in removing the troublemakers from the club. As Plaintiff Ware was assisting security in removing various unruly and violent "party bus" members from Club Max, one individual from the "party bus" threatened Mr. Ware and other security officers with obtaining a firearm. Having just been threatened with firearms, Club Max's owner, Mr. A. J. Bryant, went into the club to retrieve his firearm and Plaintiff Ware went to retrieve his rifle from the back of his GMC Yukon in order to defend themselves, the Max Club patrons and the property.

9. In addition, a call was placed to the Wichita Police Department for assistance in bringing the violent "party bus" members under control.

10. At approximately 0154 hours on Sunday, August 3, 2008, City of Wichita police officers were dispatched to Club Max, 1206 S. Rock Road, Wichita, Sedgwick County, Kansas, in reference to a large group of people fighting in the parking lot outside of Club Max. Instead of going to the address dispatch directed, the officers went to an address south of Club Max.

11. When two Wichita Police officers arrived a short time later, they reported seeing a large crowd in the parking lot. Defendant City of Wichita Police Officers D. Weidner #2204, K. Shorb #2228, and B. Boyd #2291, stated they approached the crowd from the south with other Wichita police officers and saw a tall black male, later identified as Plaintiff, James L. Ware, II, walk south of the entrance doors. Further, Defendant police officers reported that as they approached Club Max, they saw Plaintiff Ware walk to the back of a 2003 four-door GMC Yukon XL, VIN#1GKFK16Z53J109640

3

with Kansas tag WYQ301 that was parked in the parking lot just south of the entry doors. The vehicle was facing due north.

12. Shortly after Plaintiff Ware opened the rear hatch of the GMC Yukon and reached inside to retrieve his firearm, with his back facing the Defendant police officers, the Defendants began firing their weapons at Plaintiff Ware. Sixteen (16) shots were fired by these three (3) Defendants. The bullets struck Plaintiff Ware at least seven (7) times and struck his GMC Yukon several times; in addition, the bullets struck Club Max and neighboring businesses several times, and struck a second individual who was standing near Plaintiff Ware.

13. Several civilian witnesses who were standing immediately beside or next to Plaintiff Ware's vehicle at the time the police arrived, have stated that none of the Wichita Police officers, including the three (3) Defendants, D. Weidner, K. Shorb, and B. Boyd, ever activated any of the emergency equipment located on their police vehicles, including overhead lights, search lights, sirens or any other emergency equipment before they started shooting Plaintiff Ware.

14. Similarly, several civilian witnesses who were standing near Plaintiff Ware and his vehicle reported that the Wichita police officers, including Defendants, D. Weidner, K. Shorb, and B. Boyd, did not make any commands to Plaintiff, nor said anything to Plaintiff Ware before they started firing their weapons at him.

15. Plaintiff Ware fell to the pavement from the hail of bullets. When the Wichita police officers reached Plaintiff Ware, he stated to them as he lay on the ground: "I have no gun. I have no weapon." Plaintiff Ware also advised, "I was just

trying to clear the lot."  Defendant Weidner then retrieved the Plaintiff Ware's rifle from the back of the Plaintiff Ware's vehicle.

16. The Wichita police officers who were at the scene did not provide medical care or assistance to Plaintiff after they shot him at least seven (7) times.  As a result, a member of the security team at Club Max cut off Plaintiff Ware's shirt and attempted to provide medical assistance to Plaintiff Ware.

17. The Wichita police officers called for an ambulance and Plaintiff Ware was taken to Wesley Medical Center.  Emergency room physicians reported that Plaintiff Ware was shot multiple times by Defendants.

18. In the months since the incident, Plaintiff Ware has suffered from blurry vision, excruciating headaches, multiple fractures caused by the gunshots, poor balance, neck, legs and back pain, numbness, severe depression, memory lapses, insomnia, and numerous other physical and mental symptoms.  Bullets remain embedded in his back, his pelvis and his left arm to this day and Plaintiff Ware requires ongoing medical treatment and management.

19. In their police reports, Defendant police officers Weidner, Shorb, and Boyd, falsely portrayed Sergeant Ware's actions at the shooting scene, claiming Plaintiff Ware began turning toward them with the rifle in his hands pointed at the police officers and willfully refused their commands to drop the rifle at the time they began shooting at him, when, in fact, their unannounced, assault and shooting of Plaintiff Ware as his back was turned to them, was clearly unwarranted and unreasonable.

20. Although Plaintiff Ware was the victim of an unjustified shooting by Wichita police officers sworn to uphold the law, he was later charged in Sedgwick County

21. At the criminal jury trial, Defendant, K. Shorb, testified under oath that even if she had known the Plaintiff Ware was solely acting in defense of others, she would have shot Plaintiff Ware anyway. Her stated justification for this position was that Plaintiff Ware "isn't the police."

22. In an attempt to cover up their own misconduct and objectively unreasonable actions in shooting Plaintiff Ware, Defendants made false reports accusing Plaintiff Ware of various crimes related to his own conduct. Representatives of the Wichita Police Department advised the local media that Plaintiff Ware pointed his firearm at the officers, forcing them to fire. This statement was known at the time to be completely false.

23. On August 3, 2009, Plaintiff Ware, through his attorneys, provided notice as required by K.S.A. 12-105b, of his claims against the Defendant officers Weidner, Shorb and Boyd.

24. Ware's letter of notification of claim was hand delivered to the Wichita City Clerk and the Wichita City Attorney. The City has since denied any liability.

25. As a proximate result of each Defendant's wrongful actions, Plaintiff Ware has suffered severe pain, humiliation, embarrassment, emotional trauma, and permanent physical and mental injuries. Immediately following the incident and in the months since, Plaintiff Ware has suffered from blurry vision, frequent and excruciating headaches, multiple fractures caused by the gunshots, poor balance, neck, back and leg pain, numbness, severe depression, memory lapses, insomnia, and numerous other

26. Each Defendant knew or should have known that their conduct violated clearly established constitutional or statutory rights of which a reasonable police officer would have known. All actions by each Defendant were performed under color of state law.

**COUNT I**

**Claim Against Defendants Weidner, Shorb, and Boyd for Unconstitutional Use of Excessive Force in Violation of 42 USC §1983 and the Fourth Amendment**

27. Plaintiff Ware repeats, realleges and incorporates paragraphs 1 through 26 herein and above as though fully stated.

28. Defendants Weidner, Shorb and Boyd, were acting under color of state law while responding to a call that there was a disturbance at Club Max and when they fired their weapons sixteen (16) times and shot Plaintiff, James L. Ware, II, at least seven (7) times. At the time each Defendant shot Plaintiff Ware's back was facing each Defendant police officer; he had no weapon in his hands; he had made no threatening gestures or movements to pose a threat to the police officers nor anyone else, nor had he committed any crime whatsoever. The force Defendants employed against Plaintiff Ware, a continuous barrage of gunshots, was objectively unreasonable; a reasonably competent police officer would not have shot Plaintiff Ware under the circumstances.

29. The actions of Defendants Weidner, Shorb and Boyd, acting individually and/or in concert, subjected Plaintiff Ware to the unconstitutional application of excessive physical force and to an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.

30. As a direct and proximate result of each Defendant's unconstitutional action in using excessive force that was objectively unreasonable, Plaintiff Ware has suffered serious and severe injuries, disabilities and damages as stated in paragraph 25 herein and above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Ware, II, requests the following relief:

1. That this Court assume jurisdiction of this cause to determine this controversy and set this case for hearing on the merits.

2. That the Court award compensatory damages to Plaintiff Ware in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars.

3. That the Court award punitive damages against each Defendant Weidner, Shorb and Boyd.

4. That this Court, pursuant to 42 U.S.C. §1988, allow the Plaintiff Ware costs, expenses and attorneys' fees, and also grant such alternative relief as may seem to the Court, just, proper and equitable.

## **JURY TRIAL DEMAND**

Plaintiff James L. Ware, II, demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

## **PLACE OF TRIAL**

Plaintiff designates Wichita, Kansas, as the place of trial.

        Respectfully submitted,

        IRIGONEGARAY & ASSOCIATES
        1535 S.W. 29th Street
        Topeka, Kansas 66611-1901
        (785) 267-6115

        By: /s/ Pedro L. Irigonegaray
            Pedro L. Irigonegaray
            Kansas Supreme Court No. 08079
            Elizabeth R. Herbert
            Kansas Supreme Court No. 09420
            Attorneys for Plaintiff