IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES L. WARE, II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL WEIDNER #2204, )<br>in both his individual and )<br>official capacity; )<br>)<br>KARI SHORB #2228, )<br>in both her individual and )<br>official capacity; and, )<br>)<br>BRADLEY BOYD #2291, )<br>in both his individual and )<br>official capacity; )<br>)<br>Defendants. )<br>_____) | Case No.: 10-1265-JAR-DJW |

**STIPULATED PROTECTIVE ORDER GOVERNING THE
EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

This matter coming before the Court on the stipulation of the parties, Plaintiff and Defendants have agreed and consented to prohibit the disclosure of non-public, confidential, proprietary and/or sensitive information, documents and testimony that may be produced in discovery or otherwise provided or made available to parties in this matter, and the Court being fully advised in the premises:

To protect the privacy of the litigants, the privacy of persons unrelated to the case pending and the confidential nature of personnel files, medical records and reports, internal investigations of the Wichita Police Department and criminal investigations of individuals who are not a party to this action, a protective order is appropriate.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**, that the following Protective Order be entered:

**A.     Scope of the Protective Order**

Any medical records, medical reports, personnel files, military records, internal affairs files, professional standard investigations, Wichita Police Department records, or portions thereof, and income tax returns pertaining to the parties, all of which are maintained in a confidential manner by the parties, shall be deemed "Confidential Information" and shall be treated as confidential. For purposes of this Agreement and Order, the term "document" shall have the meaning as defined in Fed. R.Civ.P.34 (a).

**B.     Procedure for Designating Material as Confidential Information**

1.      The notation "Confidential" shall be stamped or otherwise marked on each designated document or the first page of designated documents with multiple pages. In lieu of marking originals, a party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the notation "Confidential" shall be marked on a label affixed to the disk, tape, or other medium on which the information is stored.

2.      Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding. All copies of deposition transcripts that contain Confidential Information shall be marked "Confidential" on the cover.

3.      Any Confidential Information produced pursuant to this Order shall be stored under the direct control and supervision of counsel in this case, who shall be responsible for preventing disclosure thereof, except in accordance with the terms of this Protective Order. Counsel may receive one copy of the Confidential Information and shall not reproduce that

material or copy same except for use as exhibits in depositions or at trial, or for attachment, under seal, to pleadings or briefs in this case, as provided below.

    4.    A party including Confidential Information in any motions, affidavits, briefs, memoranda, transcripts, or other papers that he wants filed under seal with the Court must first file a motion with the Court and be granted leave to file the particular document under seal. Any filing under seal shall be in compliance with the Court's Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means in Civil Cases, Section 11(J). In terms of the use of any Confidential Information in depositions taken in this case, the parties shall cooperate in establishing the method for use of any such information, including the sealing of Confidential Information used as a deposition exhibit, and the sealing of any portions of depositions which recite or disclose the substance of Confidential Information.

**C.**    **Qualified Persons with Access to Confidential Information**

    The designation by a party of documents, information or testimony as Confidential Information shall mean that such shall be used by the other party only for preparation for trial, trial and/or settlement of this action and shall not be disclosed or transmitted by the other party, verbatim or in substance, to anyone except the following:

    1.    The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

    2.    The named parties to this litigation;

    3.    Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Agreement and Order and who sign a document in the form of Exhibit A hereto;

4. Persons deposed in this lawsuit with a need-to-know Confidential Information, provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Agreement and Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

5. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6. Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and,

7. The Court and Court personnel.

**D. Restrictions on the Use and Disclosure of Confidential Information**

1. A party obtaining access to items designated as "Confidential Information" by the other party shall use the information solely for preparation for trial, trial and/or settlement of this action.

2. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Agreement and Order by the other party, he or she shall so inform the Court and the other party's counsel as far in advance as possible, and the Court may take such steps, at the request of the other party's counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Agreement and Order.

3. The parties, and their counsel of record, shall not discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes

of this action and as otherwise permitted in this Agreement and Order.

        4.       The restrictions set forth in this Order shall not apply to Confidential Information or material contained therein that:

        a.       Was, is or becomes public knowledge, by means which are not in violation of the terms of this Protective Order;

        b.       Is acquired from a third-party having the right to disclose such information or material; or,

        c.       Was lawfully possessed by the party prior to entry by the Court of this Protective Order.

## E. **No Admission or Waiver**

The inadvertent or unintentional disclosure of any Confidential Information by a party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document, all identical copies shall be treated according to the most restrictive designation.

## F. **Jurisdiction and Return of Documents**

        1.       After final disposition of this case, by settlement or adjudication, including any appellate proceedings, either party may request leave to reopen the case to enforce any of the provisions of this Protective Order.

        2.       Within sixty (60) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcripts, reproductions in any form whatsoever) produced or provided by a party shall be returned to the party's counsel. Each party shall certify in writing to the other party that all Confidential Information (excluding work product abstracts or summaries of Confidential Information) has been returned and all work product abstracts or summaries containing or

referring to Confidential Information have been destroyed, as appropriate under this Paragraph. If the Confidential Information was obtained directly, from a source other than the opposing party, it shall be destroyed within sixty (60) days after the conclusion of this case and any appeal.

G.     **Dispute as to Confidential Information Designation**

1.     If a party believes that a document, testimony or other information that has been designated as Confidential is not entitled to be treated as Confidential, counsel for that party will notify in writing the other party's counsel of the disagreement with the confidential designation – indicating in such written notice a description of the documents and/or specific information about which it is challenging the Confidential Information designation.  If the matter is not resolved by the parties themselves, within thirty (30) days of receiving the other party's written notice of objection, the party claiming confidentiality shall file a motion with the Court, which will be decided by the Court with or without the benefit of a hearing at the Court's discretion. The document, testimony or other information that has been designated as confidential shall be treated as confidential from the date of designation until resolution of such motion.

2.     The Court may enter whatever additional orders and/or sanctions it deems appropriate in order to secure the confidentially and/or Confidential Information and material contained therein which were produced pursuant to this Order, or which are necessary to address any violation of this Order.

3.     Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of

this lawsuit or any time up to and including the entry of judgment and conclusion of any appeal taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Agreement and Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Agreement and Order or directed by the Court.

4. The provisions of this Agreement and Order shall apply from the date this Agreement and Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Agreement and Order.

5. Any party may seek modification of this Protective Order by agreement of all parties and by motion to the Court.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2011, at Kansas City, Kansas.

s/ David J. Waxse
**David J. Waxse**
**UNITED STATES MAGISTRATE JUDGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| s/Pedro L. Irigonegary | s/w/consent/Sharon L. Dickgrafe |
| Pedro L. Irigonegary, Esq. | Sharon L. Dickgrafe, Esq. |
| Elizabeth R. Herbert, Esq. | Attorney for Defendants |
| Attorneys for Plaintiff | 455 N. Main, 13th Floor |
| 1535 S. W. 29th Street | Wichita, Kansas 67202-1635 |
| Topeka, Kansas 66611-1901 | Tele: (316) 268-4681 |
| Tele: (785) 267-6115 | Fax: (316) 268-4335 |
| Fax: (785) 267-9458 | E-Mail: sdickgrafe@wichita.gov |
| E-Mail: pli@plilaw.com | and creynard@wichita.gov |
|    and rebecca@plilaw.com | |
|    erh@plilaw.com | |

<u>s/w/consent/Carl R. Edwards</u>
Carl R. Edwards, Esq.
65 Cadillac Square, Ste. 2710
Detroit, Michigan 48226
Tele: (313) 961-5000
Fax: (313) 961-9165
E-Mail: cedwards@edwardsjennings.com
and cclay@edwardsjennings.com

<u>s/w/consent/Melvin Houston</u>
Melvin Houston, Esq.
15346 Asbury Park
Detroit, Michigan 48227-1545
Tele: (313) 835-6479
Fax: (313) 835-7909
E-Mail: aa4624@wayne.edu

# EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

      By signing this document, I hereby certify that I have read the Protective Order entered by the Court in *James L. Ware, II v. Weidner, et al.*, United States District Court, for the District of Kansas, Case No.: 10-cv-1265, before the Honorable Julie A. Robinson, Magistrate David J. Waxse, and hereby agree to abide by its terms and conditions. I also understand that any violation of the terms of the Protective Order by me or anyone acting under my direction may subject me to legal action for breach of this agreement. I hereby consent to the Court's personal jurisdiction over me.

_____
(Signature)

_____
(Print Name)

_____
(Date)